JOHN A. BATTEY vs. LUNT, MOSS & COMPANY.

JULY 6, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Undisclosed Principal.*

An undisclosed principal may sue on a contract made in the name of his agent.

(2) *Undisclosed Principal. Evidence.*

In an action by an undisclosed principal upon a written contract signed in the name of the agent, evidence is admissible to show that the agent in making the contract was acting for the principal.

(3) *Warranty. Conditions Precedent.*

Warranty in an agreement was as follows:

"WARRANTY. It is guaranteed . . . that this machine will do good work when properly handled.

"Any part or parts becoming broken or useless through defective workmanship or material, during the first year, will be supplied the purchaser without charge, f. o. b. factory, or purchaser may have the privilege of sending engine to factory, where it will be repaired without charge, provided said purchaser will pay all transportation charges:"—.

*Held,* that a request to charge that the plaintiff was bound by the terms set forth in the warranty as to returning to factory before bringing suit was properly denied, since the warranty was entirely separate and independent of this provision, and the latter in no way constituted an exception to or a limitation upon it.

ASSUMPSIT. Heard on exceptions of defendant, and overruled.

BLODGETT, J.    After verdict for the plaintiff for $300 damages for breach of a warranty, in a contract for the purchase of a gasoline engine, that "This machine will do good work when properly handled," and the denial of a motion for a new trial by the Superior Court, the defendant has brought his bill of exceptions here.

(1)    The contract of purchase was signed by John A. Battey, Jr., in his own name, and the first ground of error alleged is that the present plaintiff, his father, could not recover thereon.    It was undisputed that the father was the proprietor of the business, and that his son had acted in his behalf for many years.    The price of the engine and mill contended for was paid by the check of the father.    It is well settled that an undisclosed principal may sue on a contract made by his agent.    In *Ford* . v. *Williams*, 21 How. 289, it is said:    "The contract of the agent is the contract of the principal and he may sue or be sued thereon, though not named therein; and notwithstanding the rule of law that an agreement reduced to writing may not be contradicted or varied by parol, it is well settled that the principal may show that the agent who made the contract in his own name was acting for him. . . . The array of cases and treatises cited by the plaintiff's counsel shows conclusively that this question is settled, not only by the courts of England and many of the States, but by this court."    And

(2)    see *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 How. 381, and cases cited.    There was no error in admitting evidence that the son in fact signed the contract on behalf of and as agent of his father.

There is no ground for the exception to the charge of the trial justice, as follows:    "Neither does the second which provides that 'Any part or parts being broken or useless, the purchaser may have the privilege of sending engine to factory where it will be repaired without charge.'    The charge isn't that the engine needed repairing; the charge was that the engine was not good, was not suited to do the work which it was sold for and was worthless; that is what the plaintiff says.    Not that it needed repairing, but the machine and engine sold to them wasn't good for anything; and, of course, that part

which applies to the repairing was not applicable to this plaintiff's case."

Exception was also taken to the refusal to charge the jury: (3) "That the plaintiff is bound by the terms set forth in the warranty as to returning to factory before bringing suit." The contention of the defendant, that this was a condition precedent, is unfounded, and this objection is overruled. The warranty on which the action is based is entirely separate and independent of this provision, and the latter in no way constitutes an exception to or a limitation upon it.

The remaining request to charge, if now pressed, was upon an immaterial issue, and does not affect the merits of this case.

The evidence was conflicting, and the questions of the capability and the worthlessness of the engine and machine were properly left to the jury, who have decided the issues so submitted to them in favor of the plaintiff. We see no sufficient reason to disturb their finding.

Defendants' exceptions overruled, and case remitted to the Superior Court with direction to enter judgment on the verdict.

*Page & Cushing*, for plaintiff.

*Terence M. O'Reilly and James E. Smith*, for defendant.